CROWELL & MORING LLP
Ethan P. Schulman (CSB No. 112466, eschulman@crowell.com)
Wendy A. Sugg (CSB No. 223335, wsugg@crowell.com)
3 Park Plaza, 20th Floor
Irvine, CA  92614
Telephone:  949.263.8400

MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP
Eugene P. Ramirez (CSB No. 134865, epr@manningllp.com)
Patrick Hurley (CSB No. 174438, plh@manningllp.com)
801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Telephone:  213.624.6900

Kevin S. Reed (CSB No. 147685, kreed@conet.ucla.edu)
Vice Chancellor, Legal Affairs
UCLA
2135 Murphy Hall
405 Hilgard Avenue
Los Angeles, CA 90095
Telephone:  310.206.1335

Attorneys for Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, RUSSELL GOULD, JAMES D. HERREN, JOHN ADAMS, MARK LITTLESTONE, MATTHEW PINKUS, AND ETHAN SHEAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laura Ashmore, Pamelyn Ferdin, Carol Glasser, and Nicoal Sheen,<br><br>Plaintiffs,<br><br>v.<br><br>The Regents of the University of California, Russell Gould, James D. Herren, John Adams, Mark Littlestone, Matthew Pinkus, and Ethan Shear,<br><br>Defendants. | Case No. CV10-9050 AHM (AGRx)<br>Hon. A. Howard Matz<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

# DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND TO STRIKE PORTIONS OF THE COMPLAINT

Plaintiffs' recent submission of Hunt v. City of Los Angeles, __ F.3d __, 2011 WL 982475 (9th Cir. Mar. 22, 2011), adds nothing to the long-standing case law concerning facial and as-applied challenges to targeted residential picketing ordinances. Hunt invalidated a former Los Angeles Municipal Code ordinance that prohibited public vending on the sidewalk in Venice Beach. Plaintiffs' analysis of the Hunt ruling as it relates to the constitutionality of Los Angeles Municipal Code section 56.45(e) misses the mark.

## I.    THE HUNT RULING

The ordinance at issue in Hunt, former Los Angeles Municipal Code Section 42.15 (2004 version), required individuals wishing to sell "merchandise constituting, carrying or making a religious, political, philosophical or ideological message or statement which is inextricably intertwined with the merchandise" to obtain a permit before making such sales. Hunt, 2011 WL 982475, at *1. The ordinance was then amended in 2006 to ban vending on the Venice boardwalk except for individuals selling certain items, including newspapers and leaflets, and those selling self-authored or self-created items that are "inherently communicative and [have] nominal utility apart from [their] communication…," giving examples of the types of materials prohibited from sale. Id. at *1-2. After plaintiffs Hunt and Dowd were each arrested for violation of the ordinances, they challenged both versions of the ordinance as (1) void for vagueness, (2) improper time, place, and manner restrictions on speech, and (3) prior restraints on speech. Id. at *4.

The Ninth Circuit held that the 2004 version of section 42.15 was void for vagueness as it failed to provide any examples of when merchandise carries a "religious, political, philosophical or ideological" message, and "these terms have

such amorphous meanings that it makes it difficult, if not impossible, for an individual to determine whether his conduct is proscribed by the ordinance." Id. at *5. The court further held that the ordinance did not provide an explanation of when merchandise has a message that is "inextricably intertwined" with the product. Id. at *6. In doing so, the court held that the 2004 version of the ordinance both failed to provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited and posed a danger of arbitrary and discriminatory application in that "the line between allowable and prohibited sales of merchandise is so murky." Id.

In contrast, the Ninth Circuit upheld the 2006 version of section 42.15, finding that the revised ordinance provided clear definitions of the proscribed conduct. Id. at *7. Plaintiffs' arguments that phrases such as "inherently communicative" and "some expressive purpose" were unclear were rejected by the court, which noted that a full reading of the ordinance provided sufficient clarity, including examples illustrating the meaning of those terms. Id. at *8. The court also rejected plaintiffs' challenge to the ordinance as an invalid time, place, and manner restriction, holding that the plaintiffs were engaged in commercial speech and not "fully protected speech," and that the ordinance did not pose an improper restriction on such commercial speech. Id. at *10-11.

## II. THE HUNT RULING DOES NOT APPLY TO THIS CASE

The Ninth Circuit's analysis of Los Angeles Municipal Code section 42.15 does not provide any basis for invalidation of section 56.45(e), the targeted protesting statute Plaintiffs here seek to challenge. The language used in section 56.45(e) is entirely dissimilar to that of section 42.15. Moreover, the Ninth Circuit's analysis of the time, place and manner challenge to section 42.15 was premised on legal standards concerning regulation of commercial speech, which have nothing to do with the issue presented here.

While the Ninth Circuit held that former section 42.15 was void for vagueness, the ruling in <u>Hunt</u> turned on the specific terms contained in the ordinance, none of which are present in this case. Former section 42.15 was void for vagueness because it failed to define such terms as "inextricably intertwined" and "religious, political, philosophical or ideological message." In contrast, section 56.45(e) is clear and provides a reasonable person with sufficient notice of the prohibited conduct without "amorphous" terms that a reasonable person could not understand. Plaintiffs suggest that the term "focused" in section 56.45(e) is an example of such an "amorphous" term that dooms the ordinance as vague. However, the targeted picketing ordinance at issue in <u>Frisby v. Schultz</u>, 487 U.S. 474, 483, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988), utilized almost identical terms, prohibiting picketing "at or about" a residence, and the Supreme Court rejected a vagueness challenge to that language, which it interpreted as "focused picketing." That holding is squarely controlling here: like "targeted" or "at or about," "focused" is a term that gives a "person of ordinary intelligence a reasonable opportunity to know what is prohibited." See <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

Plaintiffs also rely on <u>Hunt</u> for their argument that section 56.45(e) is unconstitutional because officers are required to perform a "highly fact-specific analysis" to determine whether a person is in violation of the terms of the ordinance. Again, this concern is rejected by case law upholding targeted protesting statutes, and the language of section 56.45(e) is sufficiently clear that it does not require any analysis by those enforcing the ordinance. Although Plaintiffs appear to try to read into section 56.45(e) some ambiguity regarding the measurement of the 100-foot barrier, the ordinance is clear that the measurement bans picketing taking place "within one hundred (100) feet of such residence." There is no ambiguity here, despite Plaintiffs' attempts to inject complexity into a comprehensible and unambiguous ordinance. See <u>Klein v. San Diego County</u>, 463

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
OF SUPPLEMENTAL AUTHORITY
CASE NO. CV10-9050 AHM (AGRX)

F.3d 1029, 1031 (9th Cir. 2006) (rejecting plaintiffs' arguments that a 300-foot residential picketing boundary was impossible to determine).

Finally, Plaintiffs also attempt to utilize the Hunt ruling to invalidate section 56.45(e) on the basis that the targeted protesting ordinance does not contain "specific examples" of the type of expression that is allowed. This is because such specific examples are not necessary when the ordinance is clear on its face and comprehensible by any reasonable person. Section 56.45(e) does not require a laundry list of examples of prohibited conduct. Despite Plaintiffs' request for a detailed manual including every possible manner of prohibited conduct, "perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." Ward v. Rock Against Racism, 491 U.S. 781, 794, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989).

Dated: April 5, 2011
CROWELL & MORING LLP

s/Wendy A. Sugg
_____
Wendy A. Sugg
Attorneys for Defendants
The Regents of the University of California, Russell Gould, James D. Herren, John Adams, Mark Littlestone, Matthew Pinkus, and Ethan Shear

IRACTIVE-178074.0009005\4895910.1

# PROOF OF SERVICE

I, Wendy Sugg, state:

My business address is 3 Park Plaza, 20th Floor, Irvine, CA 92614-8505. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

on the following person(s) in this action:

| | |
|---|---|
| **Michael Li-Ming Wong**<br>**Ropes and Gray LLP**<br>**3 Embarcadero Center**<br>**San Francisco, CA 94111** | **Intervenor Plaintiffs J. David**<br>**Jentsch, Edythe D. London** |

☒ <u>BY FIRST CLASS MAIL</u>: I am employed in the County of Orange County where the mailing occurred. I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid. I placed the envelope or package for collection and mailing, following our ordinary business practice. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on April 6, 2011, at Irvine, California.

s/Wendy A. Sugg
_____
Wendy A. Sugg