O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.  INTRODUCTION

Before the Court is a motion to dismiss and strike portions of Plaintiffs' first amended complaint ("FAC"), brought by Defendants Regents of the University of California ("Regents")[1], Russell Gould, James D. Herren, John Adams, Mark Littlestone, Matthew Pinkus, and Ethan Shear (collectively "Defendants"). Intervenor Defendants J. David Jentsch and Edyth D. London join in the motion. (Dkt. No. 69.) Defendants argue that (1) the Court should abstain from this case under the *Younger* abstention doctrine, (2) the Regents are immune from suit under the 11th Amendment, and (3) Plaintiffs have failed to raise a meritorious First Amendment claim against any Defendant.

For the following reasons, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.[2]  The motion to strike is DENIED as MOOT.[3]  Plaintiffs are ORDERED to file any amended complaint within 21 days of the date of this order.

---

[1] Defendant Regents appears on behalf of itself and Defendant UCLA Police Department, which it argues was erroneously sued as a separate entity. (*See* Def. Mot. Dis. p. 9.)

[2] Dkt. No. 46.

[3] Dkt. No. 46.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

## II. BACKGROUND

Plaintiffs Laura Ashmore, Pamelyn Ferdin, Carol Glasser, and Nicoal Sheen (collectively "Plaintiffs") are animal rights advocates who oppose animal testing. (FAC ¶ 16.) Since 2006, Plaintiffs have conducted organized protests near the homes of UCLA researchers who perform vivisections on monkeys for scientific research. (FAC ¶ 16-18.) During these protests, Plaintiffs march back and forth on public sidewalks within 100 feet of the researchers' homes. (FAC ¶ 18.) When Plaintiffs are stationary, they remain at least 100 feet from the property line of the targeted residence. (*Id.*)

Plaintiffs allege that Defendant Regents have a "policy"of "utiliz[ing] and employ[ing] defendant UCLA Police Department and other UCLA personnel to systematically eliminate all expressive activities opposing the use of animals for experiments and testing by UCLA personnel, in the neighborhoods where the plaintiffs sdek [sic] to conduct their expressive activities." (FAC ¶ 1.) Among other things, the UCLA police allegedly have followed, surveilled, photographed, videotaped, and threatened to arrest Plaintiffs. (FAC ¶¶ 21-23, ¶¶ 25-27.) Helicopters often hover over the protests, drowning out Plaintiffs' chants; Plaintiffs suggest, without directly stating, that these helicopters belong to the UCLA police. (FAC ¶ 28.)

On May 15, 2010, Plaintiffs Ashmore, Glasser, and Sheen were conducting a "peaceful and orderly" protest in their usual manner near the home of Defendant London. (FAC ¶ 31.) Plaintiff Ferdin was not participating in the protest but was videotaping the events as a "legal observer." (FAC ¶ 33.) UCLA police officers arrested Plaintiffs Ashmore, Glasser, and Sheen (collectively the "arrested Plaintiffs") and cited them for violation of Los Angeles Municipal Code Article 6.1 § 56.45(e) ("§ 56.45(e)" or "the Ordinance"), which prohibits targeted demonstrations within 100 feet of a residence. (FAC ¶ 34.) Ferdin was not arrested or cited, but her videotape was confiscated by a UCLA police officer. (*Id.*)

On November 19, 2010, the Los Angeles City Attorney's Office instituted state criminal proceedings against Plaintiffs Ashmore, Glasser, and Sheen. (Def. RJN, Exh. A.) Among other charges, Plaintiffs were charged with violating the Ordinance during the May 15 protest. (*Id.*) Plaintiff Ferdin was not charged. (*See Id.*)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

On November 23, 2010, Plaintiffs filed this federal civil rights action under 42 U.S.C. § 1983 against Defendants, seeking (1) an injunction prohibiting Defendants and "any person or entity acting in concert with them" from enforcing the Ordinance, and (2) a declaration that the Ordinance and the "policy" of the Regents, both facially and as applied, violate the First and Fourteenth Amendments. (FAC, p. 12.)

Plaintiffs Ashmore and Sheen raised similar challenges to the Ordinance in their demurrer to the state criminal proceeding. (*See* Def. Supp. RJN, Exh. G p. 52; Exh. H, p. 64.) On March 7, 2010, the state court denied Plaintiffs' demurrers, holding that the Ordinance was facially constitutional. (*See* Def. Supp. RJN, Exh. I, p. 70.) Recently, Plaintiffs filed a "Notice of Completion of State Criminal Proceedings," claiming that the state proceeding has come to a resolution. (Dkt. 75.)

## III. LEGAL STANDARD FOR MOTION TO DISMISS

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950. A complaint filed *pro se*, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## IV. DISCUSSION

### A. *Younger* Abstention

Plaintiffs recently disclosed that Ashmore, Glasser, and Sheen have entered a mutual agreement with the People of California to perform community service and observe a three hundred-foot buffer zone around the residences of the Intervenor Defendants for a period of eighteen months. (Dkt. 75.) After eighteen months, the criminal case will be dismissed without requiring the arrested Plaintiffs to enter a plea on

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

any counts. Plaintiffs claim that this agreement renders the Defendants' *Younger* abstention argument moot. The Court disagrees. A state proceeding is deemed pending for the purposes of *Younger* until a losing litigant has exhausted his state appellate remedies. *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994) "Therefore, even if appellants' trials were completed at the time of the district court's decision, the state court proceedings were still pending for *Younger* abstention purposes." *Id.* Here, not only have the arrested Plaintiffs not exhausted their appellate remedies, the criminal case has not even been dismissed. In the event that the arrested Plaintiffs violate the terms of their agreement, the charges against them under the statute challenged in this action will be back before the state court. Thus, the Court finds that the criminal proceeding against the arrested Plaintiffs is still ongoing.

In light of the pending state prosecution against the arrested Plaintiffs the Court must decide whether this case requires *Younger* abstention. Because Plaintiff Ferdin is not facing charges in state court, the Court addresses her case separately.

> 1. The Court must abstain under *Younger* from considering the claims of Plaintiffs Ashmore, Glasser, and Sheen.

Under the *Younger* abstention doctrine, federal courts are precluded from enjoining a state statute that is the basis for a pending criminal prosecution against the federal plaintiff. *Steffel v. Thompson*, 415 U.S. 452, 454 (U.S. 1974) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The duty to abstain under *Younger* is not jurisdictional but is premised in principles of equity and comity. *See Younger*, 401 U.S. at 43-44. The principle of equity prohibits courts from providing equitable relief when the moving party has an adequate remedy at law and will not suffer irreparable injury. *Id.* The principle of comity requires federal courts to maintain respect for state functions. *Id.* These same principles also prohibit a federal court from awarding declaratory relief regarding the constitutionality of a statute that is the subject of a pending state criminal prosecution. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). "[E]ven if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the same practical impact as a formal injunction would." *Id.* at 72.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

On the other hand, federal court abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959). Thus, where a plaintiff is seeking wholly prospective relief from enforcement that would not interfere with an ongoing state proceeding, *Younger* abstention is not appropriate. *Wooley v. Maynard*, 430 U.S. 705, 711 (1977) (holding no abstention where the plaintiff sought to enjoin future bad faith prosecutions under a statute, even though plaintiff had previously been convicted and served time for violating the statute).

The Ninth Circuit adhered to this principle in *California Diversified Promotions, Inc. v. Musick* (hereinafter "*Musick*"), where the plaintiffs were suing sheriff deputies for unconstitutionally arresting them for violating an obscenity statute. 505 F.2d 278, 280 (9th Cir. 1974). Though the plaintiffs were then undergoing state criminal prosecution, they argued that they were not seeking to enjoin the prosecution nor were they challenging the constitutionality of the statute. *Id.* at 281. Nonetheless, because the complaint requested an injunction against prosecutions in general, the district court abstained. *Id.* at 280. In accordance with the policy favoring abstention only when necessary, the Ninth Circuit held that though abstention under the circumstances was warranted, the district court should have allowed the plaintiffs to amend their complaint to request only relief from future bad faith arrests. *Id.* at 282. "The doctrine of *Younger* and its progeny does not require abstention in circumstances where prospective declaratory or injunctive relief would not interfere with pending prosecution." *Id.* at 280.

Federal courts must abstain under *Younger* if the following four factors are present: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). When these requirements are met, federal courts are *required* to abstain–"there is no discretion vested in the district courts to do otherwise." *Id.* (quoting *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001)). The only exception is when there is a showing of prosecutorial bad faith, harassment, or some other extraordinary circumstance that would

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

make abstention inappropriate. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Under the facts as currently set forth in the FAC, the Court finds that the four factors requiring *Younger* abstention are present with respect to the arrested Plaintiffs. First, there exists an ongoing state proceeding. On November 19, 2010, criminal charges were filed against Ashmore, Glasser, and Sheen for violation of § 56.45(e), the same ordinance challenged in this action. Plaintiffs filed this lawsuit four days later. As discussed earlier, the criminal case remains pending in state court because it has yet to be dismissed.

Second, the pending proceeding clearly implicates important state interests in enforcing criminal laws. It is vital that a state be permitted to "enforce . . . laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *See Younger*, 401 U.S. at 51-52. *Younger* itself involved abstention from enjoining a criminal proceeding. *See id.*, 401 U.S. at 49.

Third, the arrested Plaintiffs are not barred from raising federal constitutional challenges to § 56.45(e) in the state proceeding. In fact, Ashmore and Sheen *have* raised such challenges, and the state court has already ruled against them. (*See* Defendant's Supp. RJN, Exhs. G, H, and I.)

Fourth, if the Court were to grant the relief requested by Plaintiffs, this action would have the practical effect of enjoining or interfering with the state proceeding "in a way that *Younger* disapproves." Though this action is ostensibly against law enforcement entities and not prosecutors, the language in the FAC is ambiguous with respect to whether Plaintiffs seek to enjoin the pending prosecution. Plaintiffs request an injunction "prohibiting defendants, their agents, officers, employees, and *any person or entity acting in concert with them*, from enforcing Los Angeles, Cal. Mun. Code §56.45(e). . . ." (FAC, p. 12, emphasis added). Plaintiffs also allege that without an injunction, they will be "harassed, intimidated, or *prosecuted* by the defendants, or their agents and employees. . . ." (FAC ¶ 45, emphasis added.) Whether artfully or inartfully worded, the language in the FAC is broad enough to potentially reach the prosecutor in the pending state proceeding, who could be construed as having acted "in concert" with

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

the UCLA defendants by bringing criminal charges against the arrested Plaintiffs. In the state criminal proceeding, the arrested Plaintiffs have agreed to perform community service and keep a distance from the residences of the Intervenor Defendants for eighteen months in exchange for dismissal of the charges. If this Court granted the requested injunction, it would interfere with the prosecutor's power to bind the arrested Plaintiffs to that agreement. Moreover, in addition to injunctive relief, Plaintiffs also seek a declaration that § 56.45(e) is unconstitutional on its face and as applied. As the Supreme Court noted in *Samuels*, "ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid." *See Samuels*, 91 S. Ct. at 767.

Plaintiffs argue that *Younger* abstention is inappropriate with respect to all Plaintiffs in this case because one out of the four Plaintiffs, Ferdin, is not involved in ongoing state proceedings. (Pl. Opp'n, pp. 9-10.) This argument lacks merit. There is no authority supporting the proposition that *Younger* abstention can be circumvented for federal plaintiffs who are parties to a state proceeding simply because they have a co-Plaintiff who is not a party to that proceeding. *See Canatella v. State of California*, 404 F.3d 1106, 1116 (9th Cir. Cal. 2005). ("[W]e are unaware of any case in which a party independently subject to *Younger* abstention has avoided abstention based on having intertwined interests with another party who was not subject to Younger abstention.")

For the above reasons, this Court finds that it must abstain from the case with respect to the arrested Plaintiffs. To do otherwise would violate the principles of equity and comity on which *Younger* was based. The arrested Plaintiffs clearly have an adequate remedy at law in the state court proceeding, and thus, equitable relief would be improper. Further, the state court has already ruled on the First Amendment implications of § 56.45(e), and for this Court to consider the same issue would directly undermine the notion of respect for state functions.

Nonetheless, in light of the Ninth Circuit's holding in *Musick*, the Court grants the arrested Plaintiffs leave to amend the FAC to request only prospective relief, i.e. against future bad faith arrests. The amended complaint must not request any relief that would interfere with the pending state proceedings, including a declaratory judgment that the Ordinance being used to prosecute the arrested Plaintiffs is unconstitutional.

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

      2.    <u>*Younger* does not require the Court to abstain from the claims of Plaintiff Ferdin</u>.

      The Court must now consider whether abstention is required for Plaintiff Ferdin. Though Ferdin was present at the time of her co-Plaintiffs' arrests on May 15, she was not arrested and is not a party to the pending prosecution. Thus, the first requirement of *Younger* is absent.

      There are three Supreme Court cases that give guidance on this issue. While generally *Younger* abstention does not apply to non-parties to a state proceeding, in *Hicks v. Miranda*, the Supreme Court held that under certain circumstances, abstention is proper. *See* 422 U.S. 332, 348-349 (1975) (overruled on other grounds by *Mandel v. Bradley*, 432 U.S. 173 (1977)). In *Hicks*, the plaintiffs were the owners of an adult movie theater who were not a party to any state proceeding at the time the federal complaint was filed. *Id*. at 334-35. Their employees had been arrested and were undergoing prosecution for showing a movie that was in violation of an obscenity statute. *Id*. The owners, represented by the same attorneys who were representing their employees, sued the district attorney and the arresting officers in federal court, asking for a declaration that the obscenity statute was unconstitutional and an injunction ordering return of all seized copies of the film. *Id*. The Court held that *Younger* applied even though the plaintiffs were not party to the state proceeding. *Id*. at 348-49. "Obviously, their interests and those of their employees were intertwined; and, as we have pointed out, the federal action sought to interfere with the pending state prosecution." *Id*. The Court noted that it might have been possible for the plaintiffs to seek the return of their seized property in the state proceeding and vindicate their federal rights there. *Id*.

      On the other hand, in *Doran v. Salem Inn, Inc.*, decided six days later, the plaintiffs were three separate corporations that were prevented by a local ordinance from allowing topless dancers to perform in their establishments. 422 U.S. 922, 924 (1975). Only one of the plaintiffs was undergoing prosecution. *Id*. at 926. The Court held that *Younger* applied only to the plaintiff being prosecuted. *Id*. at 928-29. "While there plainly may be some circumstances in which legally distinct parties are so closely related that they should all be subject to the *Younger* considerations which govern any one of them, this is not such a case—while respondents are represented by common counsel, and have similar

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

business activities and problems, they are apparently unrelated in terms of ownership, control, and management. We thus think that each of the respondents should be placed in the position required by our cases as if that respondent stood alone." *Id*.

In reaching its conclusion in *Doran*, the Court discussed another case, *Steffel v. Thompson*, whose facts are similar to those at issue here. *See* 415 U.S. 452, 455-456 (1974). The plaintiff sought a declaratory judgment that a trespassing ordinance was being applied unconstitutionally to handbillers protesting the Vietnam war. *Id*. at 454-55. The plaintiff stopped handbilling to avoid arrest, but his friend did not and was consequently arrested and arraigned for trespass. *Id*. In *Steffel*, the issue before the Court was not whether to abstain but whether declaratory relief was available where a state prosecution was not pending against the plaintiff. *Id*. at 454. The Court noted, however, that "[t]he pending prosecution of petitioner's handbilling companion does not affect petitioner's action for declaratory relief." *Id*. at 471, fn. 19.

It is apparent from the above cases that the question of whether Younger applies to a non-party is a fact-specific inquiry. Though the Ninth Circuit does not appear to have considered this issue under a fact pattern similar to the one in this action, the Fifth Circuit did so in *Robinson v. Stovall*, a class action brought by members of a black civil rights organization who were challenging an ordinance that regulated public marches. 646 F.2d 1087, 1088 (5th Cir. 1981). Some plaintiffs had been arrested and prosecuted under the ordinance and others had not. *Id.* at 1089. The plaintiffs sought declaratory relief and an injunction from future arrests. *Id*. The court held that the district court erred in applying *Younger* to those who had not been arrested. *Id*. at 1090. In doing so, the court noted that it was not enough that the named plaintiffs were all leaders of the same civil rights organization, that all class members supported the organization, or that all were represented by the same counsel. *Id*. at 1091. "[N]either a common interest in the outcome of federal litigation nor a common effort in pressing it requires abstention as to all plaintiffs." *Id*.

The Fifth Circuit's holding in *Robinson* and the language in *Steffel* compel this Court to find that this case is more akin to *Doran* than *Hicks*. Though Ferdin clearly seeks the same result as her co-Plaintiffs, shares their views on animal rights, and is represented by the same counsel, the Court cannot find that her interests are so

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

"intertwined" with the arrested Plaintiffs that *Younger* would apply even though she is not subject to the ongoing prosecution. While it is true that, like the plaintiffs in *Hicks*, Ferdin alleges that her videotape of the events was unlawfully seized by Defendants, (FAC ¶ 33), Ferdin does not seek return of the videotape in the FAC, nor is the videotape the basis for the prosecution. Thus, Ferdin does not have the option of her co-Plaintiffs of vindicating her constitutional rights in the pending state proceeding. As noted in Robinson, "[t]here is no room to doubt that, but for the collateral fact of pending prosecutions against [Ferdin's] co-plaintiffs, the [Ferdin] . . . would be entitled to bring this suit. *See id.* at 1090.

For the above reasons, the Court declines to apply *Younger* to Ferdin.

## B. First Amendment Claim under 42 U.S.C. § 1983

Though *Younger* does not require abstention from Ferdin's claims, the Court nonetheless finds that Plaintiffs' First Amendment challenge to § 56.45(e) must be dismissed on the merits.

### 1. Defendant Regents has sovereign immunity from this lawsuit.

As a preliminary issue, the Court finds that the Regents and its subdepartment UCLA Police Department are immune from this suit. Eleventh Amendment sovereign immunity "prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out a narrow except to the doctrine of sovereign immunity, holding that the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997). "The *Young* doctrine is premised on the fiction that such a suit is not an action against a 'State' and is therefore not subject to the sovereign immunity bar." *Agua Caliente Band*

Case 2:10-cv-09050-AHM -AGR Document 76 Filed 12/15/11 Page 12 of 17 Page ID #:657

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

*of Cahuilla Indians v. Hardin,* 223 F.3d 1041, 1045 (9th Cir. 2000). A suit explicitly naming a state or state agency as a defendant, however, is still barred by the Eleventh Amendment, even if the only relief sought is prospective declaratory or injunctive relief. *Cory v. White,* 457 U.S. 85, 91 (1982).

In addition to naming Russell Gould, the chairman of the Regents, as a Defendant in his official capacity, Ferdin has also named the Regents of UCLA and the UCLA Police Department. While Gould in his official capacity is a proper defendant under *Young*, the Regents and the UCLA Police Department are not. The parties do not dispute that the Regents and the UCLA Police Department are considered an arm of the state of California and subject to sovereign immunity. *See Regents of the University of California v. Doe*, 519 U.S. 425, 431, 117 S.Ct. 900, 905 (1997). *See also Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir.1992); *Thompson v. City of L.A.*, 885 F.2d 1439, 1443 (9th Cir.1989); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir.1982).

Plaintiffs argue that the Regents have waived sovereign immunity because the Regents previously brought an action in state court against animal right organizations. (Pl. Opp'n, p. 13.) There is no basis for this argument. Waiver of sovereign immunity must be unequivocal. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305-06 (1990). Plaintiffs cite no authority holding that suing in *state* court amounts to consent to being sued in *federal* court. Even if that were so, waiver of sovereign immunity in a predecessor lawsuit does not carry over in subsequent actions. *See City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002).

Thus, under the doctrine of sovereign immunity, the Regents and the UCLA Police Department must be dismissed with prejudice.

    2.  <u>The Ordinance is facially constitutional</u>.

The FAC alleges that § 56.45(e) is unconstitutional on its face for vagueness and overbreadth. Section 56.45(e) provides:

> Any person, acting alone or in concert with others, who pickets, parades or patrols in a manner that is both (1) focused upon the private residence or

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

dwelling of any individual residing within the City of Los Angeles, and (2) takes place within one hundred (100) feet of such private residence shall be guilty of a misdemeanor. Except as specified herein, nothing in this subsection shall prohibit generally the peaceful picketing or distributing pamphlets, going door-to-door, alone or in groups, in residential neighborhoods.

As mentioned previously, in the pending case against the arrested Plaintiffs, the state court ruled on this exact issue. (*See* Def. Supp. RJN, Exh. I, *People v. Ashmore*, Case No. 0CA01276 (March 7, 2010).) This Court sees no reason to depart from the state court's analysis. In *Ashmore*, the court relied primarily on the Supreme Court decision in *Frisby v. Schultz* to reach the conclusion that § 56.45(e) was constitutional on its face. In *Frisby*, the ordinance in question stated, "It is unlawful for any person to engage in picketing before or about the residence or dwelling of any individual in the Town of Brookfield." 487 U.S. 474, 477 (1988). As the state court noted in *Ashmore*:

> The ordinance at issue in this case is even less subject to an overbreadth or vagueness challenge than the one upheld in *Frisby*. Unlike that ordinance, the proscription of only focused residential picketing need not be implied; it is spelled out explicitly in the code. Nor does it use such vague terms as "before or about the residence"; it specifies precisely the number of feet from the residence one cannot come within without transgressing the ordinance: 100 feet from the residence which is the focus of the picketing. This Court must therefore conclude that LAMC § 56.45 is not unconstitutionally vague or overbroad and, under governing Supreme Court precedent, does not violate the First Amendment." (*See* Def. Supp. Req. for Judicial Notice, Exh. I, p. 72.)

The holding in *Frisby* was premised on the Court's finding that the Brookfield ordinance was content-neutral and therefore subject to intermediate scrutiny. *Id.* at 476. Plaintiffs argue that the Ordinance at issue here is distinguishable and should be subject to strict scrutiny because it is "content-based, in that the vague and ambiguous sections are subject to discriminatory interpretation by government officials who may disapprove of Defendants' [sic] anti-animal testing message." (Pl. Opp'n, p. 7.) The Court finds no

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

merit to this argument. A statute is not content-based merely because it can be applied in a discriminatory manner. *See Hoye v. City of Oakland*, 2011 WL 3198233, *7 (9th Cir., July 28, 2011) ("A regulation that serves purposes unrelated to the content of expression is deemed neutral, *even if it has an incidental effect on some speakers or messages but not others*." (citations and quotations omitted) (emphasis in original)). Instead, a court must consider whether the statute's "substantive terms are content-based, and . . . whether the statute was enacted 'because of disagreement with the message' of the speech it regulates." *Id.* (citations omitted).

In *Klein v. San Diego County*, the Ninth Circuit held that a statute nearly identical to this one was content neutral. *See* 463 F.3d 1029, 1034 (9th Cir. 2006). As was the case in Klein, § 56.45(e) "prohibits residential picketing within a certain zone no matter what the topic of the protest or the viewpoint of the protester." *See id.* Plaintiffs do not argue that the Ordinance was enacted to target those who protest animal rights, nor do they offer any evidence that would support such an inference. Therefore, the Ordinance is content neutral, and *Frisby* controls. For these reasons, the facial challenge to § 56.45(e) is dismissed with prejudice.

### 3. Plaintiffs have failed to state a claim that the Ordinance is unconstitutional as-applied.

Plaintiffs also allege that the Ordinance is unconstitutional as applied by Defendants. "An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). Thus, even where a statute is constitutional on its face, discriminatory enforcement on the basis of viewpoint violates the First Amendment. *See id*.

In *Moss v. United States Secret Serv.*, the Ninth Circuit considered the sufficiency of a complaint that alleged viewpoint discrimination. 572 F.3d 962, 970 (9th Cir. 2009). The plaintiffs in *Moss* alleged that the Secret Service engaged in viewpoint discrimination when it ordered state and local police to move anti-Bush demonstrators away from the public areas outside of an inn. *Id.* at 969-

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

70. The court held that the factual allegations in the complaint made a First Amendment violation merely possible, not plausible, and thus failed to meet the *Iqbal* standard of pleading. *Id.* at 971. "The bald allegation of impermissible motive . . . , standing alone, is conclusory and is therefore not entitled to an assumption of truth." *Id.* at 970.

  Defendants argue that, like in *Moss*, the only facts in the FAC supporting an as-applied First Amendment challenge are "labels and conclusions." (Def. Reply, p. 8.) The Court agrees. All of the facts alleged in the FAC relating to Defendants' motives for apprehending Plaintiffs qualify as the type of "bald allegations" discussed by the Ninth Circuit in *Moss*. For example, Defendants would allegedly "threaten the plaintiffs with arrest in order to frighten plaintiffs and chill the exercise of their expressive rights." (FAC ¶ 27.) Defendants actions have also been allegedly "based on the content of the message being espoused." (FAC ¶ 41.) These facts are conclusory and are not entitled to an assumption of truth. There are no other specific facts supporting these conclusory allegations regarding Defendants' motives. Plaintiffs do not allege that any Defendant has ever said anything disparaging about their viewpoint or that Defendants decline to enforce the ordinance against groups with different viewpoints. In the absence of any such facts, Plaintiffs have failed to state a First Amendment viewpoint discrimination claim.

  Nonetheless, it is not certain that the complaint could not be saved by amendment. In light of the liberal policy favoring amendments, the Court dismisses the First Amendment as-applied challenge against the remaining Defendants with leave to amend.

**V. MOTION TO STRIKE**

  Defendants also move the Court to strike the home addresses of UCLA researchers from the FAC. (Def. Mot. Dismiss, p. 20.) Defendants argue that the inclusion of the home addresses of the researchers is "essentially an implicit invitation on the part of the leaders of the animal right extremists. . . for others to violently attack the researchers." (*Id.*) Plaintiffs contend that the addresses are

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

relevant to this action because they wish to show that Defendants were not within UCLA's jurisdiction when enforcing § 56.45(e). (Pl. Opp'n, p. 16.) Because the Court dismisses the FAC with leave to amend, the motion to strike is denied as moot.

The Court notes that even if Defendants' motion had been granted, the FAC would have remained available as public record, which would have done little to alleviate the safety concerns raised by Defendants. But given that the Court could thereby take judicial notice of those addresses if warranted, it is unnecessary for Plaintiffs to specify the addresses in any amended complaint, and they shall not do so.

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Defendants Regents and the UCLA Police Department are DISMISSED WITH PREJUDICE. Plaintiffs' facial First Amendment claim is DISMISSED WITH PREJUDICE. Plaintiffs' as-applied First Amendment claim is DISMISSED WITH LEAVE TO AMEND. Plaintiffs are ORDERED to file an amended complaint within 21 days of the date of this order. If the Second Amended

/ / /

/ / /

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09050 AHM (AGRx) | Date | December 15, 2011 |
|---|---|---|---|
| Title | LAURA ASHMORE, et al. v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | | |

Complaint again calls into question the constitutionality of § 56.45(e), Plaintiffs are to serve a notice to with Los Angeles City Attorney in accordance with Fed. R. Civ. P. 5.1. If no amendment is filed, the case will be dismissed outright.

    IT IS SO ORDERED.

                                                                                          : _____

                                          Initials of Preparer              SMO